WEAVER v. ARKANSAS NATIONAL BANK.

Opinion delivered January 7, 1904.

LAW AND EQUITY—JURISDICTION.—An answer to a suit on a note setting up the defenses of want of consideration and a release present purely legal defenses which are triable at law, and not in equity.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

Reversed.

*Greaves & Martin,* for appellant.

It was error to transfer to equity; also to refuse to remand to the law court for a trial by jury. Const. 1874, art. 7. § 15; Const. 1836, art. 6, § 6; Acts 1893, p. 12; Sand. & H. Dig. § 5622; 6 Ark. 79; *Ib.,* 317; Story, Eq. Jur. pp. 80, 96; Sand. & H. Dig., § § 5608-9; *Id.* § § 5618-19; 44 Ark. 478; 59 *Id.* 409; 46 *Id.* 273; 49 *Id.* 80; 54 *Id.* 32; 26 *Id.* 59; 51 *Id.* 235; 52 *Id.* 415; 47 *Id.* 209; Const. 1874, art. 2. § 7; 56 Ark. 391; 48 *Id.* 426; 40 *Id.* 290; 57 *Id.* 589; 32 *Id.* 553; 3 Pet. (U. S.), 433; 446-7; 11 N. H. 9; 15 Mich. 322; Sand. & H. Dig., § 5794; 52 Ark. 415; 47 *Id.* 209; 65 *Id.* 507; 71 *Id.* 222.

*G. G. Latta,* for appellee.

The answer set up an equitable defense, and there was no abuse of discretion in transferring the cause to equity. 39 Ark. 252; 36 *Id.* 228; 49 *Id.* 20; 38 *Id.* 562; 28 *Id.* 458; 36 *Id.* 228; 70 *Id.* 159; 26 *Id.* 59. It raised a question of complicated accounts, and asked a rescission of the notes. 37 Ark. 626; 38 *Id.* 334-351; 33 *Id.* 575; 36 *Id.* 532. See Sand. & Hill's Dig., § 5608; 51 Ark. 285; 27 *Id.* 469; 27 *Id.* 585, 369; Sand. & Hill's Dig., § § 5615 to 5618. A disputed balance on a

complicated mutual account, extending for thirteen years, made a case for equity. 51 Ark. 198; 31 *Id.* 345; *22 Id.* 301; 48 *Id.* 426; 13 B. Mon. 365. Exclusive equitable issues must be tried in equity. 13 B. Mon. 365; 14 *Id.* 91; Sand. & Hill's Dig. § 5619; 48 Ark. 20.

HILL, C. J. The bank sued Weaver in Garland Circuit Court upon a promissory note signed by him and Klein. Weaver answered, admitting the execution of the note, and alleging that it was without consideration, and executed for the accommodation of the bank. Subsequently an amendment to the answer was filed, the substance of which was: That the note in suit was a renewal of previous notes, giving the history of the various notes back to the original, and alleging that all were without consideration, and each was signed for the accommodation of the bank. Then the answer proceeds to set forth other matters, principally evidentiary and argumentative, leading up to the allegation that the bank had released appellant and his co-maker from all liability on the note in suit. Therefore the issues presented were want of consideration and a release. With the issues thus presented, the appellee secured a transfer of the case from Garland Circuit Court to Garland Chancery Court, the appellant at all proper times objecting thereto, and in the chancery court demanding a trial by jury of the issues raised in the case.

There was no equitable issue presented by these pleadings, and it was error to transfer it in the first instance, and error to maintain it in the chancery court. The issues were purely legal, and appellant had a constitutional right to trial by the course of the common law, including trial by jury.

The case is reversed and remanded, with directions to transfer to the circuit court, there to proceed as from the time it was transferred to the chancery court.