EQUITABLE MANUFACTURING COMPANY. *v.* THOMASSON.

Opinion delivered March 24, 1906.

1. SALE OF CHATTEL—CONDITION—DEFENSE AT LAW.—In a suit upon a written order for merchandise it is a good defense at law that the order was given by one of the members of defendant's firm upon the express verbal condition that it should be subsequently approved by the other member of the firm who, upon his return, disapproved the order, whereupon defendants immediately notified plaintiff to cancel the order. (Page 241.)

2. ACTION—TRANSFER FROM LAW TO EQUITY.—It is error to transfer an action at law to equity upon an answer which sets up a legal defense. (Page 241.)

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*A. T. Whitelaw,* for appellant.

The court erred in transferring the cause to the chancery court, thereby depriving appellant of a trial by jury upon the facts. Kirby's Digest, § 5984; *Ib.* § 5985. Suits involving purely questions of law should not be transferred to a court of equity. 71 Ark. 222; 46 Ark. 272; 71 Ark. 484; 56 Ark. 391; 56 Ark. 398; 52 Ark. 411; 40 Ark. 155; Const. Ark. art 2, § 7; 32 Ark. 553; 47 Ark. 205; 11 S. W. 953; 6 S. W. 362.

*Taylor & Jones,* for appellee.

The answer presented an equitable defense, if proved. 39 Ark. 568.

McCULLOCH, J. Appellant commenced this action in the circuit court of Jefferson County to recover the sum of $185 alleged to be due for merchandise sold upon a written order or contract and shipped by appellant from its place of business at Iowa City, Iowa, to appellees at Wabbaseka in Jefferson County. Appellees filed their answer, alleging that the order for the goods was delivered by one of the members of their firm to the traveling salesman of appellant upon condition that the same should be subsequently approved by the other member of the firm, who was then absent, and under an express verbal agreement with said agent that he would not forward the same to appellant until they notified him of such approval. They further allege that immediately upon the return of the member of the firm

the next day he disapproved said order, and they immediately notified said agent by mail to cancel it. They asked that the cause be transferred to equity, and that the contract be canceled.

The circuit court ordered the transfer to equity over the objection of appellant (to which exceptions were duly saved), and the chancellor rendered a decree in favor of the defendants.

The answer presented a complete defense at law. *Graham* v. *Remmel,* 76 Ark. 140; *State* v. *Wallis,* 57 Ark. 64; *Ware* v. *Allen,* 128 U. S. 590; *Burke* v. *Dulaney,* 153 U. S. 228.

This being true, it was error to transfer the cause to equity. *Weaver* v. *Arkansas Nat. Bank,* 73 Ark. 462.

Reversed and remanded with directions to transfer the cause to the circuit court for trial.