TOBIN *v.* SPANN.

Opinion delivered March 9, 1908.

1. INFANCY—ESTOPPEL.—A minor whose appearance at the time he enters into a contract indicates that he is of full age can not, by false representations as to his age, estop himself to disaffirm his contract. (Page 559.)

2. GUARDIAN AND WARD—SALE FOR MAINTENANCE OF WARD.—Section 3803 of Kirby's Digest, requiring a guardian to execute a bond where he leases or sells the real estate of a minor for investment, does not apply where a sale is made for the maintenance and education of a minor. (Page 560.)

3. INFANCY—DISAFFIRMANCE OF DEED—RENTS AND OFFSETS.—As the contracts of infants are not void but voidable, upon the disaffirmance of an infant's conveyance of land he is entitled to a judgment for rents from the date of disaffirmance of the contract, against which should be offset the taxes paid and repairs and improvements made by the vendee. (Page. 561.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed in part.

STATEMENT BY THE COURT.

The complaint alleges that A. W. Tobin died in 1898, leaving his widow together with the three plaintiffs and two older children; that he owned the land involved in the suit; that on the 27th day of May, 1899, plaintiffs, Charley Tobin and Mary Hayes, conveyed their interest in said land to defendant, Spann, for $132 per share that at the January term, 1900, the probate

court of said county made an order authorizing and directing J. F. Morrow to sell the interest of Holland Tobin in said land; that on the 17th day of February, 1900, the said Morrow pretended to sell the interest of said Holland Tobin in said land to defendant, Spann, for $132, and executed a deed to him on the 12th day of April, 1900; that Holland Tobin was twenty-one years old April 11, 1905, Charles Tobin was twenty-five on the 10th day of March, 1905, and Mary Hayes was '23 years old on the 25th day of July, 1905, and, being minors at the time said deed was executed, were not responsible for their acts; that the sum of $132 was a shockingly inadequate consideration for the share of each plaintiff in said land at the time of the sale; that sixty acres of the same were then in cultivation, and the defendant has received $1,800 in rents therefor, and has cut the timber therefrom.

The answer and amended answer deny the ages of the plaintiffs as set forth in the complaint; admit that Mary Hayes was married at the time she executed the deed; deny that $132 was a shockingly inadequate consideration for each share of said land; deny that sixteen acres were in cultivation; deny that defendant had received $1,800 rents, and deny that he has cut the timber from said land; allege that Charley Tobin was twenty-one years of age, and Mary Hayes eighteen years of age at the time said deed was executed; that they asked defendant to purchase their land because it was mortgaged to H. E. Fisher, and advised him that, unless he or some one else purchased the same, the mortgage would be foreclosed, and they would receive nothing; that said Charley Tobin and Mary Hayes stated positively to him that they were more than twenty-one and eighteen years of age, respectively, and produced witnesses who had known them from their birth to prove their age to the defendant; allege that the probate sale of Holland Tobin's interest was regular in all respects; that the land was duly appraised, and that he purchased it for an amount less than $100, after due notice of said sale had been given and no one else had bid, and, desiring to be fair in the matter, he voluntarily paid an amount in excess of what he was required to do, paying the sum of $132 therefor; allege that more than eighteen or twenty. acres of said land were in cultivation, and that it was covered

with logs and trees to such an extent that it was of but little value until he had expended a great deal of time and labor in putting it in condition; that the ancestors of plaintiffs had sold the merchantable timber on said land, and same was cut and removed by the purchaser; that said land was low and wet, and of but little value, and since his purchase of the same he has put about forty acres in cultivation; has cleared up twenty acres that were partially fit for cultivation at the time of the purchase, but, owing to the fact that it is low and wet, he had never received any rent therefrom; that he has paid State, county, levee and ditch taxes thereon, and that a drainage canal has been constructed near the same which will enable said defendant to drain said land and make it valuable, and it is this fact that induced the plaintiffs to bring said suit to recover said land.

The facts are sufficiently referred to in the opinion.

*J. T. Coston,* for appellants.

1. The testimony shows that the appellee did not believe that these plaintiffs were of age; but, if he was misled by the representations of Charles Tobin and Mary Hayes as to their ages, they are not estopped to disaffirm their conveyance executed during their minority. The law of equitable estoppel does not apply to a minor. 25 S. E. 979; 4 N. W. 696; 31 Am. Rep. 678; 51 Am. Rep. 677; 17 N. E. 265; 68 N. W. 11; 102 U. S. 313; 44 Ark. 296; 38 Ark. 281.

2. The probate sale of Holland Tobin's interest was void because the guardian did not give the special bond required by statute for the protection of the fund arising from the sale. Kirby's Dig. § § 3803, 3793; 4 Nev. 434; 58 Neb. 125; 5 Pick. 481; 28 Mich. 254; 61 Am. Dec. 231; 9 Pa. 351; 26 Miss. 648; 44 Miss. 591; 71 Ind. 407; 52 Ark. 341.

*W. J. Lamb,* for appellee.

1. Not only is it not shown that appellee believed that appellants were of legal age, but the contrary is shown. Moreover, the testimony upon which they depend to show that they were minors at the time is untrustworthy, unreliable and in material points unreasonable. But, if it be conceded that they were minors, they will not, in the light of their representations, be permitted to disaffirm their act and thus reap a reward for

their own iniquitous conduct.   17 Ark. 608; 42 Ark. 330; 41 So. 497.

2.   The plea, as to the Holland Tobin interest, that the guardian did not execute the special bond required by statute is without merit.   No harm resulted.   The full amount of the purchase money was paid over by appellee to the guardian, and by the latter to the ward.   It was at most a mere irregularity, from which no loss occurred.   43 Ark. 171; 40 Ark. 393; 13 Ark. 177; 19 Ark. 499; 23 Ark. 121; 41 Ark. 267; 53 Ark. 213; 13 Ark. 507; 31  Ark. 74; 38 Ark. 78; 47 Ark. 413.

HART, J., (after stating the facts).   The clear preponder-of the evidence in the case shows that Mary Hayes and Charles Tobin were minors at the time the deed sought to be disaffirmed was executed.   There is testimony adduced tending to show that, at the date of the execution of the deed, their appearance indicated that they were of full age, and that they, together with their mother and older brother, represented themselves to ap-pellee to be of full age.   It is not contended now by appellee that this testimony meets or overcomes the evidence adduced by appellant tending to show that appellants were minors at the date of the execution of the deed in controversy, but it is now con-tended by appellee that such representations were false, and that by reason of such false representations they are estopped to dis-affirm the deed.

This presents the issue squarely.   Can a minor, when he has reached that age of maturity where his appearance indicates that he is of full age, by false representations that he is of age, estop himself from disaffirming the contract?   This question is an-swered in the affirmative in the case of *Commander* v. *Brazil*, 41 So. (Miss.) 497, and the cases therein cited.   But the court is of the opinion that the rule therein announced is contrary to the weight of authority and to the better reason on the subject. The doctrine that an infant is not estopped by a false represen-tation, as to his age rests upon the principle that one under the disability of minority has no power to remove the disability by a representation, and that his representations can not be of greater force than the contract itself.   In a case precisely like this the Supreme Court of the United States used the following language: "An estoppel *in pais* is not applicable to infants, and a

fraudulent representation of capacity cannot be an equivalent for actual capacity. A conveyance by an infant is an assertion of his right to convey. A contemporaneous declaration of his right or his age adds nothing to what is implied in his deed. An assertion of an estoppel against him is but a claim that he has assented or contracted. But he can no more do that effectively than he can make the contract alleged to be confirmed." *Sims* v. *Everhardt,* 102 U. S. 313. This case has been quoted with approval by this court; and, while the precise question involved here has never been passed upon by this court, the trend of all former decisions in this State has been toward the doctrine that an infant cannot estop himself by representations as to his age, for the reason that such an act would denude the minor of the mantle thrown around him by the policy of the law to protect him from the heedlessness of youth and the machinations of others. *Watson* v. *Billings,* 38 Ark. 281; *Stull* v. *Harris,* 51 Ark. 294; *Fox* v. *Drewry,* 62 Ark. 316.

The doctrine that an infant is not estopped to set up his minority because of his false representations as to his age has been announced in the following cases: *Conrad* v. *Lane,* 4 N. W. 696; *Alt* v. *Groff,* 68 N. W. 11; *Alvey* v. *Reed,* 17 N. E. 265; *Weeland* v. *Kobick,* 51 Am. Rep. 677; *Whitcomb* v. *Joslyn,* 31 Am. Rep. 678; *Black* v. *Carolina Building & Loan Association,* 25 S. E. 979.

The two latter cases point out in clear and forcible language the evils that would result from the doctrine of estoppel in such cases. While the rule announced may work a hardship in individual cases, it is better so than that the very weakness that the law is intended to shield the minor against should be turned into a weapon with which to deprive him of his property.

Appellant urges that the probate sale of Holland Tobin's interest is void for the reason that his guardian did not give the special bond required by section 3803 of Kirby's Digest. By a reference to that section, it will be seen that this bond is only required in case of lease or sale of the real estate of a minor for investment. The record in this case shows that the sale was made for the maintenance and education of the minor; consequently the special bond was not required to be given, and the sale was valid.

Under the authorities *supra,* the contract of an infant is not void, but only voidable. He is, therefore, only entitled to a judgment for rents from the date of his disaffirmance of the contract. In this case the disaffirmance was the date of the commencement of the action.

Under the betterment act, appellee is entitled to taxes, repairs and improvements, and appellants Mary Hayes and Charles Tobin may offset these with rents accruing within three years.

As to Holland Tobin, the decree is affirmed. As to Mary Hayes and Charles Tobin, the cause is reversed and remanded with directions to enter a decree in their behalf in accordance with this opinion and for such further proceedings as may be necessary to settle the rights of the parties in respect to the improvements, taxes, etc., and the charges that may be set off against them.

WOOD, J., dissents.