JONES *v.* CALDWELL.

4-9013                                             225 S. W. 2d 323

Opinion delivered December 12, 1949.

*Barber, Henry & Thurman,* for appellant.

*Rose, Dobyns, Meek & House,* for appellee.

DUNAWAY, J.   Did enactment of § 24 of the Uniform Sales Act change the common-law rule in Arkansas that an infant may disaffirm a contract of sale of personal property and recover the property from a third party who was an innocent purchaser for value without notice from the infant's transferee? We hold that § 24 of Act 428 of the Acts of the General Assembly of 1941 (Ark. Stats., 1947, § 68-1424) did change the common-law rule and that is determinative of this appeal.

On October 28, 1948, Renaford Caldwell, a minor, by Rena S. Caldwell, as next friend, brought this action against Herbert and Kent Jones, used car dealers, to recover possession of a Ford automobile. Plaintiff alleged his original purchase of the car in Hot Springs and his subsequent sale of it to one Harold Duke, who in turn sold it to defendants. Three defenses were set up: (1) The minor plaintiff was not owner of the car, but it was bought by an uncle, an adult. In selling the car, plaintiff merely acted as agent for his uncle, and therefore could not maintain this action. (2) If the plaintiff was in fact the owner of the car, it was a necessary. (3) The car had passed into the hands of an innocent purchaser and § 24 of the Uniform Sales Act prevented recovery by the minor.

Section 24 of Act 428 of the Acts of 1941 reads as follows: *"Sale by One Having a Voidable Title.* Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title."

The trial court submitted to the jury two special interrogatories in the form of a special verdict:

1.   "Q.   Did Renaford Caldwell own the 1948 Ford coupe, or have a special interest therein entitling him to the possession thereof, at the time he traded it to Harold C. Duke?

A. Yes.

2. Q. Was the 1947 Ford coupe received by Rena-ford Caldwell from Harold C. Duke, Jr., a necessary to Renaford Caldwell?

A. No.''

The jury, after answering the questions as shown, returned a general verdict in favor of the defendants. Upon plaintiff's motion for a judgment *non obstante veredicto,* the court set aside the general verdict and entered judgment for plaintiff. From that judgment comes this appeal.

The court refused the following instruction requested by appellants:

''If, from a preponderance of the evidence in this case, you should find that the defendants purchased the automobile in question in good faith, for value and without notice of the seller's defect of title, if any, then your verdict will be for the defendants.''

This instruction was based upon appellants' contention that under the quoted section of the Uniform Sales Act, appellee could not recover if the jury found appellants to be innocent purchasers for value without notice of the voidable title Duke had acquired from Renaford Caldwell.

There is no dispute as to the applicable law prior to enactment of the Uniform Sales Act. A minor's contracts are voidable, not void. *Tobin* v. *Spann,* 85 Ark. 556, 109 S. W. 534, 16 L. R. A., N. S. 672; *Davie* v. *Padgett,* 117 Ark. 544, 176 S. W. 333. An infant could disaffirm his contract of sale and recover his property, even from an innocent purchaser for value without notice from the infant's transferee. *Harrod* v. *Myers,* 21 Ark. 592, 76 Am. Dec. 409; *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395.

Against this background the Legislature adopted the Uniform Sales Act. Section 24 plainly provides that any seller of goods who has a voidable title thereto may pass good title to one who buys in good faith, for value, and without notice of the seller's defect of title. There is

no exception made in favor of infants. We think the Legislature meant what it said in plain, direct language. Had the General Assembly intended any exception in favor of infants, the Act would have included one.

It is argued that § 2 of the Uniform Sales Act (Ark. Stats., 1947, § 68-1402) recognized the right of an infant to rescind even against a *bona fide* purchaser for value. That section reads as follows:

"*Capacity—Liabilities for Necessaries.* Capacity to buy and sell is regulated by the general law concerning capacity to contract, and to transfer and acquire property.

"Where necessaries are sold and delivered to an infant, or to a person who by reason of mental incapacity or drunkenness is incompetent to contract, he must pay a reasonable price therefor.

"Necessaries in this section means goods suitable to the condition in life of such infant or person, and to his actual requirements at the time of delivery."

Thus in dealing with the question of capacity to make contracts, when a special rule as to infants was contemplated, it was specifically stated. This clearly shows that it was recognized that the rights of infants would be affected by the Act. We think the mention of infants in § 2 and not in § 24 indicates an intent *not* to preserve the common-law exception, rather than the view urged by appellee.

Our conclusion is supported by Professor Williston, who was one of the drafters of the Uniform Sales Act. In his work on Contracts he says:

"Though a transaction with an infant is merely voidable, it is unlike contracts voidable for fraud or other equitable ground in this respect; even a *bona fide* purchaser for value of property formerly belonging to an infant, without notice that the seller acquired title directly or indirectly from an infant, cannot retain the property if the infant elects to rescind his transfer of title . . . since the personal power of the infant is a legal

power, which can be exercised against anyone. This rule has, however, been changed in the Uniform Sales Act, which makes no exception in favor of infants to the rule that a *bona fide* purchaser for value from one who has a voidable title acquires a good title. . . ." 1 Williston on Contracts (1936 Ed.), § 233. To the same effect see 2 Williston on Sales (1948 Ed.), § 348.

We have found only two cases from other jurisdictions where the courts have specifically discussed the effect of § 24 of the Uniform Sales Act on the common-law rule here under consideration. In both instances they have expressed the view taken by this court. See *Carpenter* v. *Grow*, 247 Mass. 133, 141 N. E. 859; *Casey* v. *Kastel*, 237 N. Y. 305, 142 N. E. 671, 31 A. L. R. 995. Although the Sales Act was not specifically mentioned in the opinion, the Supreme Court of Iowa, where the Uniform Sales Act had been adopted, stated in *Kuehl* v. *Means*, 206 Iowa 539, 218 N. W. 907, 58 A. L. R. 1359, that where a minor parts with his property on a contract valid until disaffirmed, third parties becoming innocent purchasers thereof for value are entitled to protection as such.

Under our decision, appellants were entitled to the instruction requested, and it was error for the court to refuse it. The judgment is reversed and the cause remanded for a new trial.

Mr. Justice McFADDIN dissents.

Mr. Justice GEORGE ROSE SMITH not participating.