103 So.2d 831

**Earl Dwain WALLACE, pro ami.**

v.

**Carl FRANCIS.**

8 Div. 150.

Court of Appeals of Alabama.

June 10, 1958.

Grady J. Long, Hartselle, for appellant.

Merrill W. Doss, Hartselle, for appellee.

PRICE, Judge.

Appellant, a minor 19 years of age, suing by his father as next friend, brought this action of detinue against appellee, to recover an automobile.

The cause was tried by the court sitting without a jury, resulting in a judgment in favor of defendant.

The evidence for plaintiff tended to show that Earl Dwain Wallace, a minor, purchased a 1948 Chevrolet automobile from a dealer at Hartselle. Because of his minority the car was bought in the name of his father, J. T. Wallace, but the minor paid for the automobile. The latter part of January, 1956, the minor traded the automobile to Mr. Lamar Speake, for a 1949 Chevrolet. The following night he drove the 1949 automobile to Georgia and was gone for three weeks. While on the trip he discovered the automobile was not in as good condition as the car he had given in trade. Upon his return to Hartselle he asked Mr. Speake to return the 1948 car. Mr. J. T. Wallace testified he offered to return the 1949 car to Mr. Speake if he would give him back the 1948 car, but Mr. Speake said the car had been sold.

Mr. Speake, as a witness for defendant, testified that at the time of the trade he questioned Earl Dwain Wallace as to why the bill of sale to the 1948 car was made in the name of J. T. Wallace and was told he was not 21 when the car was purchased, but that he had become 21 since that time. Title to the 1949 automobile was taken in the name of Earl Dwain Wallace, and Earl Dwain Wallace signed application for credit as to the balance and executed a note and conditional sale contract to the finance company. Mr. Speake stated he

traded for the 1948 automobile on January 27, 1956, and sold it to defendant on January 30, 1956. February 22, 1956, J. T. Wallace came to see him and demanded return of the 1948 car. Mr. Speake told him the car had been sold to defendant for almost a month. Mr. Wallace said the automobile belonged to him and that his son was a minor. Neither of the Wallaces offered to return the 1949 automobile, but the car was sitting on his used car lot early one morning in the latter part of March.

Defendant testified that he bought the automobile from Mr. Speake without notice or knowledge of the fact that Earl Dwain Wallace had traded it to Mr. Speake. The bill of sale and tax receipts turned over to him were in the name of J. T. Wallace, but that he didn't know who J. T. Wallace was.

 The well recognized general rule as to contracts of infants was expressed in the court's opinion in Smoot v. Ryan, 187 Ala. 396, 65 So. 828, 830, as follows:

"It is the privilege of the minor only to disaffirm the sale or contract, and, until he does so, the other party is bound by it. The minor, when he becomes of age, may regard the contract as beneficial, and choose to affirm it, if, however, he elects to disaffirm it, he annuls it on both sides, ab initio, and the parties revert to the same situation as if the contract had not been made. Until some notice is given by the minor of his purpose to annul the contract, or he does some act significant of that intention, the other party is bound, and cannot reclaim the property nor treat the contract as void or voidable."

 The exact point under consideration seems never to have been passed upon by the courts of this State. We have not been cited to nor have we found an Alabama case involving the right of the infant to avoid the contract and recover from a third person upon avoidance of his contract.

In Kuehl v. Means, 206 Iowa 539, 218 N.W. 907, 911, 58 A.L.R. 1359, the court, after observing that when a minor disaffirms his contract his right of recourse is against the party with whom he contracted, said:

"The right of a minor to pursue his property upon disaffirmance, into the hands of a third party, may not be predicated upon the mere fact of his minority. Such right of pursuit must be predicated, not only upon minority and disaffirmance, but upon some form of fraud chargeable to the third party. Where a minor parts with his property on a contract valid until disaffirmed, third parties becoming innocent purchasers thereof for value are entitled to protection, as such. If a minor seeks recourse beyond the party with whom he contracts, he must connect such third party in some manner by notice or otherwise with the contract which he disaffirms."

In Williston on Contracts, it is said:

"Though a transaction with an infant is merely voidable, it is unlike contracts voidable for fraud or other equitable ground in this respect; even a bona fide purchaser for value of property formerly belonging to an infant, without notice that the seller acquired title directly or indirectly from an infant, cannot retain the property if the infant elects to rescind his transfer of title * * * since the personal power of the infant is a legal power, which can be exercised against anyone. This rule has, however, been changed in the Uniform Sales Act, which makes no exception in favor of infants to the rule that a bona fide purchaser for value from one who has a voidable title acquires a good title." 1 Williston on Contracts, 1936 Ed., Sec. 233.

Sec. 30, Tit. 57, Code 1940, reads as follows:

"Where the seller of goods has a voidable title thereto, but his title has

not been avoided at the time of the sale, the buyer acquires a good title to the goods provided he buys them in good faith, for value, and without notice of the seller's defect of title."

See also Jones v. Caldwell, 216 Ark. 260, 225 S.W.2d 323, 16 A.L.R.2d 1416.

We are of opinion under the evidence the trial court properly rendered judgment for the defendant.

The judgment is affirmed.

Affirmed.