JAMES *v.* HELMICH.

4-2930

Opinion delivered February 20, 1933.

*Fred A. Snodgress, Guy Fulk, Jr.,* and *Shields M. Goodwin,* for appellant.

*Ernest Briner,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that they are entitled to recover in this cause under the provisions of the statute, § 10,507, Crawford & Moses' Digest, their names being omitted from the will, as though the testator had died intestate, and the contention must be sustained. *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395.

Under the statute and its construction, appellants are entitled to inherit as though the testator had died intestate, in which event each would be entitled to one-half of the estate, since one was the adopted child and the other sole and only heir at law and legal representative of the other adopted child, and both were living on April 23, 1924, when the will was executed, and neither was mentioned or referred to therein. The rights of legally adopted children are the same as the rights of those born in wedlock. 24 R. C. L. 84.

Neither is there any merit in the objection that the suit should have been instituted in the chancery court instead of the probate court as expressly provided in said statute, § 10,507, Crawford & Moses' Digest, as construed in *Rowe* v. *Allison, supra.* There is no contention that fraud had been perpetrated on appellants in the administration of the estate, it being conceded that the administration of the estate was free from fraud, and it is undisputed that the executor or the church had no knowledge of the adoption of the appellants by the testator until shortly before this suit was filed in 1931.

It is next contended that the claim of appellants to the estate is barred 'because no appeal was taken by them from the order approving the final settlement of the executor. It is stipulated that appellants had no knowledge of the death of the testator until more than two years after the settlement had been approved, when it was too late, of course, to take an appeal from the order of approval. The will was probated in, common form without notice having been given, and there was no effort made during the administration of the estate of Troeger, which began on April 27, 1925, and was concluded on March 26, 1928, upon the approval of the final settlement and distribution of the executor, to obtain jurisdiction over appellants or any other persons who might have been interested in the probate of the will under the provisions of the statute, §§ 10,522 to 10,525, Crawford & Moses' Digest. The order of approval and confirmation of the final settlement of the executor were conclusive only of the matters embraced in the settlement, the court finding only that the assets of the estate had been reported and administered in the proceeding of which appellants had had no notice, either actual or constructive, and it did not operate to bar appellants from asserting their claim to the estate distributed to the trustees of the church upon their learning of the death of their foster parent and the improper distribution of the funds of the estate. *Beckett* v. *Williamson,* 92 Ark. 230, 122 S. W. 633. See also *Scott* v. *McNeal,* 154 U. S. 34, 30 L. ed. 896. The order of the probate court distributing that part of the estate to the church instead of the children surviving the testator, whose adoption was unknown at the time of the administration, was void as against them.

Since there is no special statute of limitations providing when or the period within which pretermitted children must bring suit to recover their share in the estate, they had 5 years in which to do so under the provisions of the statute, § 6960, Crawford & Moses' Digest. See also *Hill* v. *Wade,* 155 Ark. 490, 244 S. W. 743. The money was not paid by the executor to the church until March 2, 1928, and the rights of appellants could not

have arisen until the wrongful distribution of such money, and the statute began to run against them on the said date of its payment, and they were not barred by the 5-year statute of limitations, this suit having been instituted in 1931. Neither were they barred by laches, having brought the suit within the time allowed.

The court erred in not holding the appellants entitled to judgment for their claim, and the judgment must be reversed, and the cause remanded with directions to enter judgment in favor of the appellants, and for their costs. It is so ordered.