CRAWFORD RYALL ET AL *v.* WATERWORKS IMPROVEMENT DIST. NO. 3 ET AL

5-5060                           447 S. W. 2d 341

Opinion delivered December 1, 1969

*Brockman & Brockman,* for appellants.

*Odell C. Carter,* for appellees.

FRANK HOLT, Justice. This appeal comes from the chancellor's order which the appellants assert dismissed their petition for a permanent injunction against appellee Waterworks Improvement District No. 3.

The appellants filed a complaint seeking to enjoin

the improvement district and its commissioners from proceeding with the construction and installation of a sewage treatment plant near the town of Star City. Appellants sought a temporary injunction and asked that upon a final hearing a permanent injunction be issued together with an award for damages in the sum of $10,-000 against the district and its commissioners individually. After a hearing the chancellor refused to grant appellants' requested temporary injunction and an appeal was taken from that decision. We affirmed on the basis that no facts were presented which established that the incompleted plant constituted or would constitute a nuisance and the fear that the sewage plant might adversely affect the value of appellants' lands was not a sufficient ground for obtaining a temporary injunction. *Ryall et al* v. *Waterworks Improvement Dist. No. 3 et al,* 247 Ark. 431, 445 S. W. 2d 883. There we said:

> "Also, the court commented that the hearing was only for purposes of determining whether a temporary injunction should be granted, and that, if the proof were sufficiently developed to warrant injunctive relief, a permanent injunction could be granted after the final hearing."

Pending the appeal from the denial of the temporary injunction, the improvement district filed two motions. One motion alleged that the district's work or construction of the sewage plant was not subject to an injunction, citing Ark. Stat. Ann. § 20-314 (Repl. 1968), and, therefore, appellants' complaint should be dismissed and "that if plaintiffs [appellants] have any damages, which is specifically denied, they must bring their action in a court of law * * *." In the other motion the commissioners, relying upon Ark. Stat. Ann. § 20-313, asserted they had no individual liability for actions in good faith as commissioners. Appellants filed a response to each motion. Subsequent to a hearing, the chancellor rendered a separate order dismissing appel-

lants' complaint insofar as it seeks a judgment against the commissioners individually. In another order the court transferred the action for damages against the appellee district to circuit court. From the latter order comes this appeal.

In their original brief appellants assert only one point for reversal: "The Court erred in dismissing plaintiffs' [appellants] prayer for injunctive relief on the basis of Ark. Stat. Ann. § 20-314 (Repl, 1968)." Appellants contend that "the injunctive relief sought by plaintiffs-appellants was *in effect* dismissed." (Emphasis added) We do not construe the order of the chancellor as a dismissal of appellants' request for a permanent injunction. The order entered by the chancellor, in pertinent part, reads:

> "That the complaint seeks money damages in addition to injunctive relief, and since money damages is sought, by the plaintiffs [appellants] that the motion should be treated as a motion to transfer to the court of law in order that a determination may be made on the question of damages. ¶ It is therefore considered, ordered, adjudged and decreed that *so much of the hereinabove suit as pertains to Waterworks Improvement District Number 3, which seeks money damages,* is hereby transferred to the Circuit Court of Lincoln County, Arkansas." (Emphasis added)

The plain and unambiguous wording of the order is that the chancellor only granted the district's motion to dismiss insofar as it relates to the forum for appellants' action for money damages. We are of the view that appellants' request for a permanent injunction is still pending before the chancellor and appellants' present appeal is premature.

Further, appellants submit that the chancellor erred

in transferring the issue of damages to circuit court,

citing *Evans* v. *Pettus,* 112 Ark. 572, 166 S. W. 955 (1914) and *St. Paul Mercury Indemnity Co.* v. *City of Hughes,* 231 Ark. 530, 331 S. W. 2d 106 (1960). However, this argument was first presented in appellants' reply brief and, therefore, we do not reach it. We do not consider an asserted error first proposed in the reply brief because, in that event, the appellee has no opportunity to reply. *Groves* v. *Keene,* 105 Ark. 40, 150 S. W. 575 (1912); *O'Dell* v. *Young,* 210 Ark. 1073, 199 S. W. 2d 971 (1947); *Nelson et al* v. *Busby et al;* 246 Ark. 247, 437 S. W. 2d 799 (1969).

Affirmed.