HERSCHEL EARP ET AL *v.* A. G. "HARRISON" EARP

5-5465                                    464 S. W. 2d 70

Opinion delivered March 8, 1971

*Rhine & Rhine* and *George Edward Thiel,* for appellants.

*Kirsch, Cathey & Brown,* for appellee.

LYLE BROWN, Justice. Appellee A. G. "Harrison" Earp claimed to be the son of M. C. "Harrison" Earp. The claim was denied by all other possible heirs of M. C. "Harrison" Earp, who died intestate. Appellee initiated this action to establish his heirship. The chancellor ruled in A. G.'s favor. The points for reversal will be listed as they are discussed.

M. C. "Harrison" Earp married Ida Smelser on July

4, 1919. At the time of that marriage he had seven children by a prior marriage, and Ida had five children born of her first marriage. The husband and wife lived together with their children until the fall of 1919 at which time they separated, and Ida filed for divorce. "Harrison" answered and cross-complained, alleging fraud on the part of Ida in that she was allegedly pregnant (at the time of marriage) by a man. other than the defendant, "Harrison." A child was born to Ida on February 28, 1920, and the decree annulling the marriage was entered April 12, 1920. A. G. "Harrison" Earp, appellee, contends that he is the child born of the marriage between M. C. "Harrison" Earp and Ida Smelser Earp.

After the divorce from Ida, M. C. "Harrison" Earp married Bettie Earp who lived with him as his wife until his death in 1942. No children were born of this marriage. Bettie Earp was appointed administratrix of the estate of the intestate. When a petition to assign dower and homestead was filed, appellee intervened merely to note his claim as an heir at law of M. C. "Harrison" Earp. With respect to that intervention the probate court said:

> The court finds that it is not necessary to take any action on the intervention of A. G. Earp herein for the reason that said intervenor merely notes his claim that he is an heir at law of M. C. Earp, Deceased, and does not controvert the right of Mrs. Bettie Earp to homestead or dower as herein awarded.

No determination of heirship was ever made in the probate court proceedings.

Bettie Earp died on May 30, 1969. Her homestead and dower rights being thus extinguished, the estate of M. C. "Harrison" Earp passed to his heirs at law. A. G. "Harrison" Earp filed a complaint on August 13, 1969, against the children of M. C. "Harrison" Earp by his first marriage and their heirs. The complaint alleged that A. G. "Harrison" Earp was also an heir of

M. C. "Harrison" Earp and prayed a partition of the land in question. The chancellor found for appellee and granted him an undivided one-eighth interest in the lands. From the order of the chancellor, the heirs of M. C. "Harrison" Earp by his first marriage bring this appeal.

Appellants rely on three points for reversal. The first point is the contention that the lower court erred in making a finding of fact that A. G. "Harrison" Earp was the legitimate son and one of the heirs at law of M. C. "Harrison" Earp. It is clear that if A. G. "Harrison" Earp was in fact the child born to Ida Earp on February 28, 1920, before the marriage was dissolved by an annulment on April 20, 1920, then A. G. "Harrison" Earp is presumptively an heir of M. C. "Harrison" Earp and entitled to inherit along with the other children of the intestate. Ark. Stat. Ann. § 61-104 (1947), (since replaced by § 61-141) was in effect in 1942 when the lands passed to the heirs subject to the dower and homestead rights of the widow. It provided: "The issue of all marriages deemed null in law, or dissolved by divorce, shall be deemed and considered as legitimate." In *Morrison, Admx. v. Nicks,* 211 Ark. 261, 200 S. W. 2d 100 (1947), this court said: "There is a presumption, said to be one of the strongest known to the law, that children born to a couple lawfully married are the children of the husband, and that this presumption continues until overcome by the clearest evidence that the husband was impotent or without access to his wife, and the controlling question is whether that proof was made." See also *Jacobs* v. *Jacobs, infra.*

The following witnesses testified that A. G. "Harrison" Earp was the child born on February 28, 1920, before the annulment of the marriage between M. C. "Harrison" Earp and Ida Earp: A. G. "Harrison" Earp, appellee; Mrs. Aubra Kappleman, half sister to the appellee; Mrs. Sybil Williams, cousin of appellee; Luther Smelser, half brother to appellee; and Ray Breckenridge, a neighbor of M. C. "Harrison" Earp when appellee was born. None of the appellants testified. The only evidence

presented by them to prove that appellee was not the child who was born on February 28, 1920, was an entry in a school record for the year 1936 when appellee was in the seventh grade, and appellee's application for a marriage license. The entry on the school record was made by someone other than appellee and indicated that appellee was born February 28, 1921. The application for the marriage license was dated March 13, 1944, and indicated that appellee was twenty-three years old at that time. The entries were made by someone other than appellee, except for his signature. (1944 less twenty-three is 1921. Appellee should have been twenty-four on March 13, 1944, according to his testimony.) It should be noted, however, that there is no place on the application for the date of birth of the appellee. The form merely asks for the age of the parties applying for the license, the purpose of the questions, no doubt, being to insure that they have reached the age of majority.

Appellants contend that the annulment decree which was offered into evidence was *res judicata* as to the question of the legitimacy, or putting it the way appellants expressed it, "This annulment decree was not plead nor was it argued as being *res judicata* against this appellee, but was plead and introduced in evidence to establish a finding of fact made by the lower court which should be binding on that court." Also, appellants say, "This finding of the lower court in 1920 removed this case from the application of Ark. Stat. § 61-104 *supra* and this appellee can claim no rights under that statute."

The case of *Shatford v. Shatford,* 214 Ark. 612, 217 S. W. 2d 917 (1949), answers the contention of appellants. In the *Shatford* case the husband was seeking an annulment from his wife due to fraud. He alleged that she was pregnant with child by another man. The chancellor granted the annulment, and the wife appealed. The appellant contended that evidence by the husband and other witnesses as to the fact that he had never had sexual intercourse with the wife was inadmissible since it tended to bastardize the child born after the marriage. The *Shatford* court held that the testimony was admis-

sible in the annulment proceeding but would not be *res judicata* in a subsequent bastardy or heirship proceeding.

Appellants would cast the burden of proving legitimacy on appellee. That contention is answered in *Jacobs* v. *Jacobs,* 146 Ark. 45, 225 S. W. 22 (1920):

> The decided weight of authority is that every child born during wedlock is rightly presumed to be the offspring of the husband. The presumption must be adhered to for the protection of the rights of those who are attempted to be bastardized without any fault on their part, to preserve the peace of families and to promote the interest of society.

The presumption of legitimacy means that the parties contesting the legitimacy of a child must bear the burden of proof and must show by sufficient evidence that the husband was impotent or entirely absent at the period in which the child in the course of nature was begotten. *Kennedy* v. *State,* 117 Ark. 113, 173 S. W. 842 (1915).

Thus it would appear that the preponderance of the evidence is with the findings of the chancellor that appellee was the child born on February 28, 1920, and a lawful heir of the intestate, M. C. "Harrison" Earp. Appellants made no showing that M. C. "Harrison" Earp was impotent or without access to Ida. On the other hand, appellee made a showing by the testimony of several witnesses that the husband and wife slept together during the summer of 1919 after their marriage.

The second contention of appellants is that the lower court erred in failing to recognize the probate proceedings in connection with the administration of the M. C. "Harrison" Earp estate as being *res judicata* against A. G. "Harrison" Earp to any interest alleged by him. The simple answer to that contention is that A. G. "Harrison" Earp did all he could do to protect his interests in the estate; he intervened in the proceedings before the final decree which awarded homestead and

dower to the widow of the intestate, and he filed this action for partition within two and one-half months after the death of the widow. We have previously quoted that portion of the closing order which noted appellee's intervention.

The third and final point which appellants rely on is the contention that the statute of limitations had run on the appellee. Four dates are suggested as starting points for the statute to begin to run: April 12, 1920, the date of the decree of annulment; the date of appellee's twenty-first birthday; the date of the death of M. C. "Harrison" Earp, September 1, 1942; and January 4, 1944, the date the probate court fixed dower and homestead and divided the personal property. Obviously, the first two dates cannot be considered since M. C. "Harrison" Earp did not die until 1942. As to the second two dates, appellee did appear in the probate proceeding assigning dower and homestead to the widow for the purpose of noting the fact of his claim as an heir at law of the decedent. The probate court found it was unnecessary to determine his rights in that proceeding since the only issue was related to the dower and homestead claims of the widow. The widow's possession under dower and homestead rights was not adverse to the plaintiff or the other heirs. *Head et ux* v. *Farnum*, 244 Ark. 367, 425 S. W. 2d 303 (1968). The evidence shows that the widow retained possession of the land in question until her death.

Affirmed.