GERTRUDE McBROOM ET AL *v.* RUSSELL W. CLARK ET UX

5-5791                                        480 S.W. 2d 947

Substitute Opinion delivered April 24, 1972

Original opinion delivered Fedruary 28, 1972
[As Amended on Rehearing June 12, 1972.]
[Rehearing Denied July 17,1972.]

*W. Gary Kennan* and *Eugene Coffelt,* for appellants.

*Davis Duty,* for appellees.

LYLE BROWN, Justice. The real parties in interest are appellants (plaintiffs below) Gertude McBroom and Henry J. Lauless, Jr.; and Russell Clark and wife, appellees. Appellants brought the action to establish their claim to an interest in their deceased father's land, as as against a third child and his assigns, the Clarks.

In 1964, Henry J. Lauless, Sr., died intestate owning a four-acre tract of land in Benton County. The estate was administered by the sheriff at the instance of a son, Walter E. Lauless. In 1965 an order was entered in the probate court finding that decedent was survived by only one child, Walter E. Lauless. It was recited that the only other possible living heir was Henry J. Lauless, Jr., but that he was presumed to be dead. The estate was shortly thereafter closed. In August 1966 Walter E. Lauless conveyed the land by warranty deed to appellees, the Clarks.

In September 1970, Gertrude McBroom and Henry J. Lauless, Jr., filed this suit alleging they were daughter and son respectively of Henry J. Lauless, Sr. By their petition they sought partition and to have a one-third interest in the lands allocated to each of them. The trial court made extensive findings, which may be summarized as follows:

1. That Russell Clark and wife relied on the orders of the probate court in their purchase of the land;

2. That Ark. Stat. Ann. § 62-2914 (Repl. 1971), authorizing the determination of heirship in the probate of estates, contains a self-governing three-year statute of limitations and appellants did not attack the order within the prescribed time;

3. That the claim of the Clarks to fee simple title is deraigned from and depends upon the orders entered by the probate court, and if the orders of the court were not protected by the three-year statute, they were rendered immune from attack by the general five-year statute of limitations. (Ark. Stat. Ann. § 37-213 [Repl. 1962]);

4. That appellants were guilty of laches; and,

5. That appellees, the Clarks, and their predecessors in title have by their occupancy and actions incident to the land, established title by adverse possession.

At the time of the trial Gertrude McBroom was sixty years of age. She said she had never seen Henry Lauless, Jr., until the trial; that she knew of her other brother, Walter, but had never seen him; and that she had been living in the State of Washington since 1940. She testified that she had not seen her father since 1929 and last corresponded with him in 1957; and that she heard of his death for the first time in 1970.

The husband of Gertrude McBroom testified he learned in 1970 that Henry Lauless, Sr., was living around Rogers, Arkansas, and that since he was on a trip near that area, he made investigation and learned Lauless was deceased. He said he relayed that information to his wife in Washington.

The only other witness to testify was Henry J. Lauless Jr., 36 years of age. He said he learned of his father's death in July 1968; that at that time he came to Rogers and inspected the court records because he knew his father owned the tract of land; that for the

first time he learned that he had been presumed dead and that the land had been deeded to appellees; and that it was two years before he could find a lawyer who would handle his claim to the land. From 1961 until 1968 he said he lived in the area of Cassville, Missouri; that during those years he stopped in the Rogers area several times and visited in the neighborhood of his father. He said the last time he visited his father was in June of 1963. He testified that the last time he had seen his brother, Walter, was some eighteen years prior to the trial. He expressed no opinion as to whether Walter knew of his whereabouts.

The Clarks offered no evidence.

Appellants' attack on the order of the probate court determining heirship was made more than three years after that determination. The statute authorizing the determination of heirship in the probate of estates is Ark. Stat. Ann. § 62-2914 (Repl. 1971). The probate court order declaring Walter E. Lauless the sole surviving heir was entered in 1965. Appellants' suit was filed in September 1970. As to limitation for attack on the proceedings it is provided:

d. The order [determining heirship] shall be conclusive upon all parties to the proceeding having or claiming an interest in said property, subject to the right of appeal, and may be set aside only upon such grounds and under such circumstances and in the manner provided by law for setting aside the final judgment or decree of a court of general jurisdiction; provided that the court rendering said order may, upon the petition of any person not personally served with notice having or claiming an interest in the property involved, filed within three years after the date of the rendition of the order (or in the case of a person under disability or incompetency or being beyond the seas, filed within three years after such disability is removed), for good cause stated in the petition and proved to the satisfaction of the court, vacate or modify the order in so far as it affects the interests of such person."

We hold that the built-in limitation of three years

served to cut off appellants' attack on the determination of heirship.

This suit was filed more than five years after the vesting of title by the court in Walter E. Lauless. So, additionally, the suit was barred by Ark. Stat. Ann. § 37-213 (Repl. 1962). In *Hill* v. *Wade,* 155 Ark. 490, 244 S.W. 743 (1922) an order of the probate court erroneously precluded an heir from participation in the estate. We held that the five year statute began to run when the distribution was made. To the same effect see *James* v. *Helmich,* 186 Ark. 1053, 57 S. W. 2d 829 (1933). Also, see *Negovanov* v. *Wensko,* 248 Ark. 1109, 455 S.W. 2d 929 (1970).

Affirmed.

BYRD, J., dissents.

Amendment to substitute opinion on rehearing delivered
June 12, 1972

Appeal from Benton Chancery Court, *Ted P. Coxsey,*
Chancellor.

LYLE BROWN, Justice. In our supplemental opinion on rehearing we held that appellants' action was barred by both the three-year and the five-year statute of limitations. Upon reconsideration we are of the opinion that the claim of Gertrude McBroom is not so barred. She was not a party to the determination of heirship proceedings and the undisputed testimony showed that she was not aware of her father's death until 1970. Not being a party to those proceedings, her limitation for filing an action is governed by the statute covering a limitation of action (seven years) for recovery of an interest in land, Ark. Stat. Ann. § 37-101 (Repl. 1962). Gertrude McBroom is therefore entitled to her one-third interest in the land. To that extent the opinion is amended.