L. B. BRYANT and Mrs. Herbert BRYANT
*v.* Delilah LEMMONS and Benny HERRON

80-61                                598 S.W. 2d 79
Supreme Court of Arkansas
Opinion delivered May 5, 1980

*James O. Burnett*, for appellants

*John M. Bilheimer*, for appellees.

GEORGE ROSE SMITH, Justice. In 1976 the two appellees

filed their petition in the probate court for a determination first, of the heirship of their grandfather, Tom Herron, who died in 1938 allegedly owning 20 acres of land in Lonoke county, and second, of the heirship of their father, Joseph Herron, who died in 1967 allegedly owning the same 20 acres. Ark. Stat. Ann. § 62-2914 (Repl. 1971). The two appellants were joined as respondents on the ground that they claimed some interest in the 20 acres through the estate of Tom Herron's widow, Mary Ella Herron Ray, who remarried after Tom's death. The appellants rely in part upon three-year and five-year statutes of limitation as a defense to the action.

The probate judge found that Tom Herron died intetstate in about 1938, survived by his widow, Mary Ella Herron (Ray), who died in about 1971, and by one child, Joseph Herron, who died intestate in about 1967. Joseph was survived by eight children, including the two petitioners, and by the descendents of a deceased child. The probate court order determined the two heirships accordingly. The title to the 20 acres is not in issue in this proceeding and, we are told, is being litigated in another suit in the circuit court.

We agree with the probate court's finding that no statute of limitation bars this action. The appellants argue, first, that th present petition is barred, because the appellees did not question the heirship of Mary Ella Herron Ray (their step-grandmother) until more than three years after the administration of her estate in 1971. Ark. Stat. Ann. § 62-2914 (d). As far as this record shows, however, the appellees are not claiming through Mary Ella and consequently the identity of her heirs is not material to this proceeding.

Second, the appellants argue that the present petition is barred by the five-year statute that applies to actions not otherwise provided for. Ark. Stat. Ann. § 37-213 (Repl. 1962). That statute requires that the action be brought "within five years after the cause of action shall have accrued."

The question, then, narrows down to this: When did the petitioners' cause of action accrue? Obviously a cause of ac-

tion for the determination of heirship does not accrue in a vacuum. The question of heirship becomes important when a person seeks to assert a claim to real or personal property that was owned by the decedent whose heirs are to be ascertained. Ordinarly, when the action for the recovery of the property is brought, the plaintiff simply has the burden of proving his status as an heir as a condition to establishing his right to the property.

There is, however, an alternative statutory procedure for the determination of heirship in the probate court. Ark. Stat. Ann. § 62-2914 (Repl. 1971). That procedure has the advantage of enabling the petitioner to join unknown heirs as defendants, who are served by publication and are required to assert their claims within three years after the entry of the order determining heirship, with a savings clause for persons under disability. That is the procedure which the petitioners are following in the case at bar.

We can see no reason for a requirement that a petition for the determination of heirship be filed within five years or any other specified time after the death of the person whose heirs are to be ascertained. In the present case Tom Herron died in 1938. If his widow, Mary Ella, was entitled, as a hypothetical example, to possession of the 20 acres as her homestead, Joseph Herron was certainly not required to bring suit within five years to prove that he was the sole heir of his father. Why should he go to that expense when apparently no one was questioning his standing as an heir? If it be assumed that Mary Ella was still in possession of the homestead at Joseph's death, Joseph's children certainly had no reason to seek a determination of their own status as his heirs until that question arose with respect to their right to recover the 20 acres. The question would not actually arise until after the death of Mary Ella, the life tenant. Only then would Joseph's children have a cause of action for the recovery of the land, with a need to establish the identity of Joseph's heirs *at that time*.

Thus the practical solution is for the question of limitations to be governed by the cause of action for the recovery of the property, not by an abstract cause of action

for the determination of heirship. That is essentially the position we took in our supplementary opinion on rehearing in *McBroom* v. *Clark*, 252 Ark. 372, 380 S.W. 2d 947 (1972), where we held that Gertrude McBroom's cause of action as an heir was governed by the seven-year statute for the recovery of an interest in land. The point is this: Actions must be brought by the real parties in interest, but the identity of those parties need not be determined until an issue of pecuniary consequence arises.

The appellants also argue that the proof does not show that Joseph Herron was in fact the son of Tom and Patsy Herron. It is enough for us to say the decided preponderance of the evidence support the trial judge's finding. The testimony of the witness Rhodes is strongly persuasive, and a census return of 1900 puts the matter almost beyond doubt. That return was made by a census taker who had no reason to falsify the facts and was admissible as a public record. Uniform Evidence Rule 803 (8), Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Flora* v. *Anderson*, 75 Fed. 217, 231 (C.C. Ohio, 1896); *Priddy* v. *Boice*, 201 Mo. 309, 99 S.W. 1055 (1906); *Edwards* v. *Edwards*, 239 S.C. 85, 121 S.E. 2d 432 (1961). The testimony of Mrs. Bryant, one of the appellants, even if admissible, does not overcome the contrary proof.

Finally, it is argued that the appellees have not shown that Joseph Herron owned the 20 acres now in question. This argument is without merit, not only because the title is not in issue in this proceeding, but also because the contention is made for the first time in the appellants' reply brief and therefore cannot be considered. *Ryall* v. *Waterworks Imp. Dist. No. 3,* 247 Ark. 739, 447 S.W. 2d 341 (1969).

Affirmed.

MAYS, J., not participating.

FOGLEMAN, C.J., concurs.

JOHN A. FOGLEMAN, Chief Justice. Even though I think that it is deplorable that there seems to be no statute of

limitations on a proceeding for determination of heirship under Ark. Stat. Ann. § 62-2914 (Repl. 1971), I must concur in the result reached by the majority, although I am unable to find any logic in its basis upon the erroneous premise that the petitioners' cause of action for a *determination of heirship* did not accrue until after the death of the life tenant. If the life tenant were a year old infant who lived for 90 years, then, under the majority's view, the cause of action would not accrue for eighty-nine years, by which time anyone who knew any pertinent facts would more than likely have died and the memory of those who were living would likely be untrustworthy. A determination of heirship is not for the purpose of recovery of *possession* of land or property. It is to establish the right to inherit. The very provisions of the statute in question contradict the majority opinion. Section 62-2914 (a) (Repl. 1971) establishes the time when a cause of action accrues. It says:

> Whenever a person had died leaving in this state property or an interest therein, a person claiming *an interest* in such property as heir or distributee or through an heir or distributee, or the personal representative of the decedent may file a petition, in the Probate Court of proper venue for the adminitration of such decedent's estate, to determine the heirs and distributees of said decedent and their respective interests in the estate or the property. [Emphasis mine.]

Surely the majority does not intend to say that an heir does not have an interest in real estate owned by the decedent before he has the right to possession, but that is the effect of the opinion. The appellees had a right to bring an action to prevent an encroachment on the property or to enjoin the life tenant from committing waste during the life tenancy. *Evans* v. *Pettus*, 112 Ark. 572, 166 S.W. 955; *Watson* v. *Wolff-Goldman Realty Co.*, 95 Ark. 18, 128 S.W. 581, 12 Conn. Cas. 1912A, 540 Ann. Cas. 540. They could have brought an action in inverse condemnation for appropriation of the land, and if they failed to do so, their right of recovery would have been barred after seven years, even though the life tenant was alive during the entire period. *Memphis* & Little Rock, R.R. Co. v. *Organ*, 67 Ark. 84, 55 S.W. 952; *Bentonville R.R.* v. *Baker*, 45 Ark. 252. They likewise had a right to file a petition for determination of heirship as soon as Joseph

Herron died. Obviously, they had a claim to "an interest" in the real estate involved on that day. Of course, the statute of limitations does not begin to run on a possessory action on the day right to possession accures. But that has no bearing on the right to have a determination of heirship in the probate court. As demonstrated in *Earp* v. *Earp*, 250 Ark. 107, 464 S.W. 2d 70, appellees could have their rights as heirs established in a possessory action within the seven year statutory period without a probate proceeding to determine heirship. Neither *McBroom* v. *Clark*, 252 Ark. 372, 480 S.W. 2d 947, cited in the majority opinion, nor *Earp* v. *Earp*, supra, have any other application to this proceeding. Both were suits for partition brought after the death of the life tenant. In the former, the statute of limitations was raised to an alleged determination of heirship, previously made in the probate court. No question was raised as to the statute of limitations on the bringing of an action for determination of heirship. We held that the seven year statute for recovery of an interest in land applied to the action for partition by one who had not been a party to a proceeding for determination of heirship (which does not appear to actually have been the kind of proceeding contemplated by Ark. Stat. Ann. § 62-2914 [Repl. 1971]). In the latter, there was no determination of heirship.

A determination of heirship under Ark. Stat. Ann. § 62-2914 (Repl. 1971) is a special proceeding, not a civil action. In spite of the fact that the Rules of Civil Procedure govern proceedings in the probate courts in all suits or actions of a civil nature, civil actions are filed in the circuit or chancery court and are instituted by filing a complaint. Rules 1, 2 and 3, Rules of Civil Procedure [Ark. Stat. Ann. Vol. 3A (Repl. 1979)]. The Rules of Civil Procedure did not supersede Ark. Stat. Ann. §§ 27-105, 27-106, or 26-107 (Repl. 1979). Further, in a civil action, the clerk issues a summons. Rule 4, Rules of Civil Procedure, supra. Under Ark. Stat. Ann. § 62-2914, notice is given in an entirely different manner. Even though a determination of heirship may be said to be a proceeding in a court of justice by one party against another for the protection of a private right, it seems to me that it is not an ordinary proceeding as required for a civil action by Ark. Stat. Ann. § 27-106, so it seems to be a special

proceeding under Ark. Stat. Ann. § 27-107. See *Coleman* v. *Coleman*, 257 Ark. 404, 520 S.W. 2d 239. We have held that the matter of confirming accounts of a guardian or personal representative is not a civil action, but a special proceeding. *Nelson* v. *Cowling*, 89 Ark. 334, 116 S.W. 890 (on rehearing). We have held that a proceeding to probate or contest a will is a special proceeding, not a civil action. *Coleman* v. *Coleman*, supra. See also, *Rockafellow* v. *Rockafellow*, 192 Ark. 563, 93 S.W. 2d 321. We took the position in *Nelson* that guardianship proceedings are proceedings in rem.

We have also taken the position that a special proceeding must be conducted according to the particular statute governing it and not under the procedures provided for civil actions. *Davis* v. *Moore*, 70 Ark. 240, 67 S.W. 311; *Logan* v. *Russell*, 136 Ark. 217, 206 S.W. 131. The procedure for determination of heirship is fairly well outlined in Ark. Stat. Ann. § 62-2914 and in other sections of the probate code, which have been held to apply when there is a conflict between the specific provisions of the probate code and procedures governing in courts of equity which would otherwise apply under Ark. Stat. Ann. § 62-2004 (e) (Repl. 1971). Statutes pertaining to limitations of actions have no application to special proceedings. *Nelson* v. *Cowling*, supra. Cf. *Coleman* v. *Coleman*, supra.

Clearly a determination of heirship is a special proceeding and the general statute of limitations pertaining to all actions, [Ark. Stat. Ann. § 37-213 (Repl. 1962)], does not apply. For this reason, I concur in the result reached by the majority.