Jerry B. CRAFT, d/b/a CRAFT REALTY COMPANY,
and Jerry B. CRAFT, An Individual and Mary M. CRAFT,
His Wife *v*. ARKANSAS LOUSIANA GAS COMPANY

CA 82-363                                    649 S.W.2d 409

Court of Appeals of Arkansas
Opinion delivered May 4, 1983

*R. James Lyons,* for appellants.

*Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd.,* by: *Janet L. James,* for appellee.

JAMES R. COOPER, Judge. This is an appeal from the granting of the appellee's motion for summary judgment. The appellee filed suit for damages against the appellants for the cost of relocating the appellee's gas line. The gas line allegedly had to be relocated because the appellants had constructed a large building directly over the line, creating a risk of explosion and difficulty in maintenance. The trial court granted the appellee's motion for summary judgment on the issue of liability, reserving the question of damages for the jury. From the order granting the summary judgment, comes this appeal.

The appellants contend that the trial court erred in granting the motion for summary judgment because reasonable minds might differ as to the conclusions to be drawn from the facts in this case. Summary judgment is an extreme remedy and should be granted only when no genuine issue of fact exists. *Purser* v. *Corpus Christi State Nat'l Bank,* 258 Ark. 54, 522 S.W.2d 187 (1975). In *Davis* v. *Lingl Corp.,* 277 Ark. 303, 641 S.W.2d 27 (1982), the Arkansas Supreme Court stated:

[a] summary judgment is appropriate only where the pleadings, depositions and answers to interrogatories,

together with the affidavits, show there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56, ARCP; *Turner* v. *Baptist Medical Center,* 275 Ark. 424, 631 S.W.2d 275 (1982).

In considering an order granting a motion for summary judgment, the trial court may search and review the entire record to determine whether the grant the motion. *Purser, supra.*

On appeal of an order granting a motion for summary judgment, we review the evidence in the light most favorable to the party resisting the motion. *Bourland* v. *Title Ins. Co. of Minnesota,* 4 Ark. App. 68, 627 S.W.2d 567 (1982). *See also Dodrill* v. *Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979). The burden is on the appellee to demonstrate that, even though the facts may be in dispute, reasonable minds could not differ as to the conclusion to be drawn from them. *Henricks* v. *Burton,* 1 Ark. App. 159, 613 S.W.2d 609 (1981).

On October 31, 1967, the appellee was assigned an easement on the property later purchased by the appellants. This easement was properly recorded in the office of the Craighead County Circuit Clerk and Ex Officio Recorder's Office. The appellee thereafter maintained an active gas line within the recorded easement. On September 20, 1976, the appellant, Jerry B. Craft, purchased the property subject to the easement. Subsequently, the appellants constructed a building over the active gas line operated by the appellee. Upon discovering the building, the appellee capped the existing line located under the building and rerouted the line due to the potentially dangerous situation of having a building constructed over an active gas line. The appellee then filed suit for damages as a result of the relocation of the gas line.

The appellants argue that fact questions existed concerning the extent of the easement, the provisions of the easement document, and whether there was an unreasonable interference with the gas line. We do not agree.

The document containing the easement was properly filed in the Craighead County Circuit Clerk and Ex Officio Recorder's Office. It has long been recognized that a purchaser of real property must take notice of all prior recorded instruments in his chain of title. *White* v. *Moffett,* 108 Ark. 490, 158 S.W. 505 (1913). *See also Union Sawmill Co.* v. *Rowland,* 178 Ark. 372, 10 S.W.2d 858 (1928). When an easement exists, it is the dominant tenement and the land constitutes the servient tenement. *Natural Gas Pipeline Co. of America* v. *Cox,* 490 F. Supp. 452 (E.D. Ark. 1980). In *Hatfield* v. *Arkansas Western Gas Co.,* 5 Ark. App. 26, 632 S.W.2d 238 (1982), we stated that:

> [t]he rule in this state is that the owner of an easement may make use of the easement compatible with the authorized use so long as the use is reasonable in light of all facts and circumstances of the case. *Massee* v. *Schiller,* 243 Ark. 572, 420 S.W.2d 839 (1967). In the case of underground pipelines it would appear that one of the primary incidents of the easement is that the line be accessible for maintenance and repair. Without such rights the easements could become useless. The chancellor found that building over a gas line is a hindrance to access for maintenance and repair and a clear restriction on the right of full enjoyment.

After reviewing the record we find that the trial court did not err in granting the appellee's motion for summary judgment on the issue of liability. The appellants had constructive notice that the easement existed because the documents were in their chain of title. Actual notice is not required and thus any alleged violations of the Arkansas Pipeline Code were irrelevant to the issue of notice under the facts presented. Further, we cannot say that reasonable minds would differ on the issue of whether the construction of a building over an active gas line interfered with the use of the easement. *Hatfield, supra.*

The appellants argue that the trial court also erred in granting the motion for summary judgment because it was untimely filed and resulted in prejudice to the appellants. The record indicates that the motion was originally filed on

October 22, 1981, and argued before Judge Olan Parker on December 18, 1981. The motion was subsequently denied. On the day of trial, April 9, 1982, the appellee renewed its motion before Judge Gerald Pearson. The motion was granted on the issue of liability, reserving the question of damages for the jury. The appellants argue that the renewal of the motion on the date of trial violated Rule 56 of the Arkansas Rules of Civil Procedure, which states that the motion must be served at least ten days before a hearing is held. The purpose of the ten day requirement is to allow the nonmoving party time to prepare a response. *Purser* v. *Corpus Christi State Nat'l Bank, supra.* In the case at bar, the appellee submitted the same motion on the day of trial that it had previously submitted and the arguments of counsel appear from the record to have been the same. The appellants argue that the law of the case should govern and that once the motion was denied it could not be reconsidered. We disagree. In *Farmers Mutual Ins. Co.* v. *Lane,* 278 Ark. 53, 643 S.W.2d 544 (1982), the Arkansas Supreme Court stated:

> [l]astly, appellant argues that the trial court erred in reconsidering appellees' motion for summary judgment after overruling it at an earlier date. The record reflects the trial court reversed himself on the motion for summary judgment after hearing argument of counsel. We find no error.

In *Purser* v. *Corpus Christi State Nat'l Bank, supra,* the Court stated that the notice requirements of Rule 56 of the Federal Rules of Civil Procedure are intended to provide an opportunity for the opposing party to adequately prepare a response.[1] However, the Court noted that Arkansas has never held that a trial court is without jurisdiction to grant a motion for summary judgment within the ten day period if "the party against whom the judgment is rendered is not prejudiced."

The term "prejudiced" as used in this context should be interpreted to mean that the nonmoving party is not allowed

---

[1] Rule 56 of the Federal Rules of Civil Procedure is identical to Rule 56 of the Arkansas Rules of Civil Procedure.

time to adequately prepare a response. In the case at bar, it can hardly be said that the appellants were surprised by the issues raised by the reconsideration of the motion. The parties had previously argued the issues before the court and no new grounds were relied upon by the appellee. Thus, assuming, although not deciding, that the ten day notice period had not previously been complied with by the appellee, the reconsideration of the motion did not prejudice the appellants. Therefore, we find no error by the trial court in reconsidering the motion for summary judgment on the day of trial.

Affirmed.