Richard Doyle SCROGGIN, Carroll D. Scroggin & Betty Scroggin, Husband and Wife, Benny Scroggin & Gaylon Scroggin, Michael Scroggin, Husband and Wife *v.* Beatrice SCROGGIN, Wilhelmina Scroggin, Michael Scroggin, Ann Polston, Robert Lynn Scroggin, Lee Alice Scroggin Chicoine

CA 07-1011                                            286 S.W.3d 758

Court of Appeals of Arkansas

Opinion delivered September 10, 2008

[Rehearing denied October 22, 2008.]

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Scott T. Vaughn* and *Traci Lacerra*, for appellants.

*Dale Lipsmeyer*, for appellees.

EUGENE HUNT, Judge. This appeal involves a dispute over the distribution of property in a trust created by Eva Scroggin's six sons for her support. Appellants Richard Doyle Scroggin, Carroll Scroggin, and Benny Scroggin are Eva's three surviving

sons.[1] Appellees Wilhelmina Scroggin, Michael Scroggin, Ann Polston, Robert Scroggin, Beatrice Scroggin, and Alice Scroggin Chicoine are the surviving spouses and children of Eva's three deceased sons.[2] The Conway County Circuit Court ruled that appellees' claims seeking to establish that they were Eva's heirs and thus entitled to a portion of the trust property were not barred by the statute of limitations. The court also ruled that the appointment of Benny as successor trustee and his lease of the trust property were void. Appellants challenge these rulings, as well as the propriety of the circuit court's consideration of appellees' motion for summary judgment and the court's award of a one-sixth interest in the trust property to Wilhelmina. We affirm.

The facts are undisputed. Joseph H. Scroggin died intestate on February 12, 1956, survived by his widow Eva Scroggin and their six sons. At the time of his death, Joseph Scroggin owned substantial property in Conway County. On May 6, 1959, the six sons executed a document entitled "Trust Agreement" that provided that they would convey the property in trust to Afton so that the property could be sold or mortgaged and the proceeds be used for the benefit of their mother, Eva Scroggin. Upon her death, the proceeds from the sale of the property were to be divided equally between the sons or their heirs. Also on May 6, 1959, Eva, her sons, and the wives of the married sons executed a deed conveying the property to Afton as trustee.[3]

On December 10, 1971, Afton, as trustee, conveyed the property, reserving all right, title and interest in 50% of all oil, gas, and minerals produced from the land. The conveyance was also executed by Afton's wife, Beatrice, who released her dower interest.

On August 16, 1985, Afton, as trustee, executed a document entitled "Amendment to Trust Agreement dated May 6, 1959."

---

[1] The other appellants are Betty Scroggin, Carroll's wife, and Gaylon Scroggin, Benny's wife.

[2] Wilhelmina is the surviving spouse of Edwin Ray Scroggin; Beatrice and Alice are, respectively, the surviving spouse and child of Afton Scroggin; and Michael, Ann, and Robert are the children of James Scroggin.

[3] The deed lists Benny Scroggin as single. The record does not disclose when he married.

The document stated that upon Afton's death, Benny was to be the successor trustee, with all of the rights and duties of the original trustee.

Eva Scroggin died intestate on January 12, 1999, at the age of 102. She was preceded in death by her son James, who died in September 1997. Edwin Ray Scroggin died on November 3, 2000. Afton died on January 19, 2001.

In September 2005, Wilhelmina executed an oil-and-gas lease for the property with Griffith Land Services, Inc. The lease recited a consideration of $10. Wilhelmina stated in an answer to an interrogatory that she received $2,400 from Griffith.

In October 2005, Benny, acting as successor trustee, executed a lease of the mineral interests with Griffith. The lease recited a consideration of $10.

On March 29, 2006, appellees filed a complaint to determine heirship. The complaint, as amended, asserted that no trust was created by the May 6, 1959, agreement; that the May 6, 1959, conveyance to Afton as trustee should be set aside; and that the court should determine the interests of the heirs of Eva Scroggin. In the alternative, the complaint asserted that, should the deed not be set aside, the court should determine that the sole purpose of the conveyance to Afton as trustee was for the benefit of all of the heirs. Appellants answered the complaint, asserting the affirmative defenses of the statute of limitations, waiver, estoppel, and that Beatrice Scroggin had no standing because she had previously waived her dower interest in the property.

On July 2, 2007, after first obtaining leave of court, appellants filed a motion for summary judgment, contending that appellees' claims were barred by either the seven-year statute of limitations found in Arkansas Code Annotated section 18-61-101 (Repl. 2003) or the five-year statute of limitations found in Arkansas Code Annotated section 16-56-115 (Repl. 2005).

On July 11, 2007, appellees, without obtaining leave of court, filed their own motion for summary judgment. The motion asserted that there was a continuing duty to terminate the trust and that a trustee should be appointed to terminate the trust and distribute the proceeds. Appellants filed a motion to strike appellees' motion for summary judgment, arguing that appellees violated Arkansas Rule of Civil Procedure 56(a) in that it was filed less than forty-five days prior to the scheduled trial date.

On July 30, 2007, the circuit court issued a letter opinion stating that it had reviewed the motions for summary judgment and responses filed by the parties. The court found that there was no basis for setting aside the May 6, 1959, warranty deed conveying the property in trust to Afton. The court also found that the primary purpose of the trust was to use the property to provide for Eva Scroggin during her lifetime and that the trust terminated upon the death of Eva Scroggin. The court determined that the agreement was clear that, if a beneficiary were deceased when the trust terminated, his interest would go to his heirs. The court also found that the "Amendment to Trust" executed by Afton naming Benny as trustee and any conveyances executed by Benny as trustee were invalid. The court issued another letter opinion on August 27, 2007, finding that Wilhelmina was entitled to all of Edwin's one-sixth interest in the property. An order memorializing these findings was entered on August 31, 2007. This appeal followed.

On appeal, appellants argue four points for reversal: (1) that the circuit court erred in failing to dismiss all of appellees' claims because they were barred by statutes of limitations; (2) that the circuit court erred in considering appellees' motion for summary judgment because it failed to comply with the time limits in Arkansas Rule of Civil Procedure 56(a); (3) that the circuit court erred in ruling that the amendment to trust was invalid and that any conveyances executed in reliance on that amendment were likewise invalid; (4) the circuit court erred in ruling that Wilhelmina was entitled to a one-sixth interest in the property.

Questions of law are reviewed on appeal using a de novo standard. *Cooper Realty Inv. v. Ark. Contractors Licensing Bd.*, 355 Ark. 156, 134 S.W.3d 1 (2003); *Wal-Mart Stores, Inc. v. P.O. Market, Inc.*, 347 Ark. 651, 66 S.W.3d 620 (2002).

For their first point, appellants argue that appellees' claims should have been dismissed as barred by the statutes of limitations. Appellants assert that appellees' claims are barred either by the seven-year statute of limitations found in section 18-61-101 or the five-year statute of limitations found in section 16-56-115. Appellants contend that the applicable statute commenced to run upon the death of Eva Scroggin.

Appellants correctly rely on *Bryant v. Lemmons*, 269 Ark. 5, 598 S.W.2d 79 (1980), *McBroom v. Clark*, 252 Ark. 372, 380 S.W.2d 947 (1972), and *James v. Helmich*, 186 Ark. 1053, 57

S.W.2d 829 (1933), for the proposition that the statute of limitations can bar claims for the recovery of a share of an estate. However, appellants ignore the critical part of the holding of *Bryant* and the other cases — that the statute of limitations does not commence to run until an issue of pecuniary consequence arises. Moreover, those cases did not involve trustees holding property under express trusts for the benefit of certain heirs. In *McDermott v. McAdams*, 268 Ark. 1031, 598 S.W.2d 427 (Ark. App. 1980), this court assumed that the action was governed by section 16-56-115 and held that, where a trust terminated of its own terms, the statute of limitations did not begin to run in favor of the trustee where the beneficiary allowed the trust property to remain in the possession of the trustee and there were no actions by the trustee to indicate that the trustee was claiming adversely to the beneficiary of the trust. *Medical Park Hospital v. Bancorp South*, 357 Ark. 316, 166 S.W.3d 19 (2004), and *Aycock Pontiac, Inc. v. Aycock*, 335 Ark. 456, 983 S.W.2d 915 (1998), which were relied upon by appellants, did not involve questions of when the statutes of limitations began to run against the trustee.

■ Here, there is no evidence that any of the appellees made a demand for a distribution of the trust property that would trigger the statute of limitations. The only other possible event that would start the statute of limitations would be the execution by Wilhelmina and Benny of the mineral leases in September and October of 2005. Appellees filed suit on March 29, 2006, well within either statute of limitations when measured from the event of pecuniary consequence. We affirm on this point.

■ In their second point, appellants argue that the circuit court erred in considering appellees' motion for summary judgment because it was filed less than forty-five days before the scheduled trial date. Arkansas Rule of Civil Procedure 56(a) requires that motions for summary judgment be filed "no later than 45 days before any scheduled trial date." Appellants filed their own motion for summary judgment within that same forty-five day period after they first obtained leave of court. In response, appellees filed their motion for summary judgment without seeking leave of court. We believe that appellants' obtaining leave and filing their own motion for summary judgment was sufficient reason for appellees to file their counter motion within the same forty-five day period. The point of the rule's timetable is to give the parties adequate time to brief and argue a potentially disposi-

tive motion. *Craft v. Ark. La. Gas Co.*, 8 Ark. App. 169, 649 S.W.2d 409 (1983). The timetable is not a jurisdictional bar to the consideration of the motion. *Id.* at 173, 649 S.W.2d at 411. Appellants have not alleged that they have suffered any prejudice, either in their motion to strike the motion for summary judgment or in their brief to this court, only that appellees did not comply with the timing requirements of Rule 56(a). Our supreme court has held that, where the motion for summary judgment was not timely filed, the case would not be reversed without a showing of prejudice. *Keenan v. Am. River Transp. Co.*, 304 Ark. 42, 799 S.W.2d 801 (1990); *see also Craft, supra.* The circuit court did not err in considering appellees' motion for summary judgment.

Appellants next argue as their third point that the circuit court erred in finding that the document entitled "Amendment to Trust Agreement dated May 6, 1959" was invalid and that the lease of the mineral interests executed by the successor trustee was likewise invalid. Appellants do not address whether the appointment of Benny as successor trustee was valid. The circuit court correctly found that Benny's appointment was invalid.

The trust agreement provided that Afton would hold title in the property for the benefit of Eva Scroggin and, after her death, the other sons or their heirs. In 1985, Afton attempted to modify the trust agreement to name Benny as successor trustee. In the absence of authority conferred by the trust instrument, a trustee has no power to appoint his successor. *Jordan v. Landis*, 175 So. 241 (Fla. 1937); *Adams v. Highland Cemetery Co.*, 192 S.W. 944 (Mo. 1917); *Bonney v. Granger*, 356 S.E.2d 138 (S.C. Ct. App. 1987); *War Mem'l Library v. Franklin Spec. Sch. Dist.*, 514 S.W.2d 874 (Tenn. Ct. App. 1974). Being without the power to name a successor trustee, Afton's designation of Benny as successor trustee was without authority and void. *Griley v. Marion Mortgage Co.*, 182 So. 297 (Fla. 1937). Likewise, Benny's leasing of the mineral interests was void. *Norris v. Scroggin*, 175 Ark. 50, 297 S.W. 1022 (1927).

The circuit court's finding that Wilhelmina Scroggin was entitled to a one-sixth interest in the mineral interest is the focus of appellants' fourth and final point on appeal. They argue that she waived any interest she might have in the property by executing the 1959 deed conveying the property in trust to Afton. We disagree. Under Arkansas Code Annotated section 28-9-

214(2) (Repl. 2004), Edwin's death without any children meant that his estate passed by intestate succession to Wilhelmina as the surviving spouse because they were married for more than three years. Thus, the fact that Wilhelmina had waived her right to dower in the 1959 conveyance in trust to Afton is irrelevant because she was not awarded dower in the one-sixth interest; rather, she received Edwin's interest as an heir of Joseph Scroggin.

Affirmed.

HART and GRIFFEN, JJ., agree.